UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLEN FIELDS and RON SCOTT,

    Plaintiffs,

v.                                                    Case No: 8:14-cv-3071-T-30EAJ

MAJESTIC SEALS & STRIPES, INC.,
LINDA D. DAVIS and DAN DAVIS,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff Glen Fields' Renewed Motion to Dismiss Counterclaim (Dkt. #21) and Defendant Majestic Seals & Stripes' Memorandum in Opposition (Dkt. #23). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

Defendant Majestic Seals & Stripes, Inc. ("Majestic") alleges in its Counterclaim that on or about November 19, 2014, at 5:59 pm, Counter-defendant Glen Fields posted and published the following false and defamatory statement on the "reviews" section of its Facebook page:

> Do not work for this company. They are scam artist [sic]. They steal from employees. They are on pills. I have proof of them doing drugs, drinking on the job. Stay clear and if you need their services. Hire someone else. They are crooks….

Based on these statements, Majestic alleges causes of action for libel and slander.

Fields argues in his Motion that Majestic did not allege that it provided pre-suit notice to him prior to filing the Counterclaim, and therefore the action should be dismissed. Section 770.01, Florida Statutes provides: "Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory."

However, "[e]very Florida court that has considered the question has concluded that the presuit notice requirement applies only to 'media defendants,' not private individuals." *Zelinka v. Americare Healthscan, Inc.*, 763 So. 2d 1173, 1175 (Fla. 4th DCA 2000). "The terms media and non-media defendants are meant to distinguish between 'third parties who are not engaged in the dissemination of news and information through the news and broadcast media from those who are so engaged.'" *Id.* (quoting *Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376 (Fla. 4th DCA 1997)). Nothing in the Complaint or Counterclaim indicates that Fields is a "media defendant." In *Zelinka*, the court specifically held that the "notice requirement does not apply to a private individual who posts a message on a computer service that is owned and operated by someone else." *Id.* at 1175. Therefore, Plaintiff's Motion is without merit and due to be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Glen Fields' Renewed Motion to Dismiss Counterclaim (Dkt. #21) is DENIED.

2. Glen Fields shall file an answer to the Counterclaim on or before April 6, 2015.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of March, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2014\14-cv-3071 mtd 21.docx